Good morning, your honors. Good morning, Mr. Russell. May it please the court, Glenn F. Russell, Jr. on behalf of the plaintiff appellant Jody v. Matt, I just briefly want to update the court. There has been a couple events that have taken place subsequent to the filing of the appeal. I only found out two days ago from my sister that apparently there was some type of loan modification entered into by my client. However, there is a purported transfer of servicing rights subsequent to the initial possession that does not change the arguments that are currently before the court. Additionally Well, you know, you're talking about things that are not on the record. I'm wondering how we're going to handle this. I just wanted to be clear because I was informed, your honor. I don't want to deceive the court. So I was just informed three days ago. It is, it is by and large important to reach some kind of stipulation as to these facts and enter into the record somehow. All right. You have 10 days. And I apologize, your honor, because I was unaware. And they never informed me as counsel to my knowledge that this took place. So and my client has not informed me either. I'm not even sure what it is he's saying precisely happened. Well, that's what I wanted in writing. Judge Howard, are you in agreement? Well, let me put it in writing and we'll see. All right. 10 days to file a stipulation as to what has happened. Right. And I apologize for this. I just recently found out. And therefore, can I may continue with the argument? Yes. The subject of mortgage foreclosure. I'm sorry. I hate to interrupt you right at the beginning, but you've been arguing this basically same issues before this court. I think I've decided at least three cases involving the same issue all practically. Am I off the record here? There was one of the reservation, as you say. There is one that you did decide in my favor, your honor, Waters versus Select Portfolio. The difference with this argument is, your honor, and this is why I wanted to have the chance for oral argument, is the fact that the decisions are based on previous case law that does not articulate clearly the exact argument. Mortgage foreclosure, mortgage in general is a contract in which the mortgagor is in privity of contract with the lender. Therefore, any purported assignment of those contractual rights to party B, if there is not a valid legal transfer to that party, that party would not be in contractual privity with my client. So you're asking us to set aside our prior precedent and say that it was based on an incomplete understanding of the predicate law. I'm respectfully requesting a full consideration of the complete argument. But let's, I think Judge Tarawih's question goes more to the point, let me put a sharper point on it, is if we do not set aside any of our prior precedent in deciding this case, do you have any specific argument that has not been decided in our prior precedent against you? I would have to go to the New Century argument in the New Century Bankruptcy. There's significant issues that are, still remain from the plaintiff's point of view, genuine issues of material fact that are in dispute related to the purported assignment in relation to the New Century Bankruptcy. Unlike many cases that have discussed this issue, I did provide documents from the New Century Bankruptcy to support my argument. It is not bald assertion. It is not conjecture. There are documents that purport to prove that New Century had no assets as of the date of that assignment. New Century had no servicing rights as the date of that assignment, which was November 6, 2007. There's a plausible foundational basis to state that it was legally impossible for New Century to act as a debtor in possession in that particular type of activity when in fact it had no assets or servicing rights at that point in time. Hadn't it already transferred the note back in September of 2005? Correct, but the facial assignment from 2007 states that the note was transferred at that time. But you're telling us we should ignore the transaction in 2007 because of the bankruptcy because they had no power to do anything and the judge is looking at a transfer in 2005, which on its face appears to be sufficient. There has been no proffer that there was a legally valid transfer of the note in mortgage on that date outside of the proffer of the polling and servicing agreement. The Massachusetts Supreme Judicial Court stated very succinctly, if you're going to rely on securitization documents to support a transfer, there has to be evidence that the party named the depositor actually held the asset that it was transferring in that purported document. Secondly, that is a trust document. Section 2.10 of the polling and servicing agreement clearly states that the polling and servicing agreement creates the trust. Therefore, the conclusion is that if the corpus asset was not legally conveyed to the trust, that would in fact create a void assignment. That would be voidable, wouldn't it? I mean, if it was conveyed to the trust but it wasn't done properly, isn't that a voidability issue? We've already decided that several different ways. But it can respectfully stated, it's a trust, Your Honor, and that trust term specifically have a date certain. It cannot be voidable. It's void. Let me ask you this. Of all the cases that we've decided in the last two years on this issue, is there any case that supports the argument you're making here? There are cases from extrajudicially. The Glaske case, Glaske v. Bank of America in California Fifth District Appeals Court. We'll get to that. Is there any case from this court or the Massachusetts Supreme Judicial Court that supports the argument you're making here? Or do you need us to find something new based on precedent elsewhere? Well, there has been no case here, Your Honor. And I would fall back on, there's not many people who do this type of law. There's a lot of people who do this to try to get money. I've taken three cases to the Mass. Supreme Court. I've been successful in those. I was successful on one case here. I've not been paid a penny in any of those cases. I'm not being paid a penny to appear here today. I'm not a legal services attorney. I'm a private attorney in private practice. This is a passion for me because the more you read this, this is all that I do. It's a trust argument. And just put aside this type of situation and I beg your indulgence. If it was a regular trust and the corpus was not conveyed according to its terms, would, in fact, that be a legal transfer? The answer is no. In this particular trust, at Section 11 of the trust, it actually says prohibited transactions, which are part of the terms of the trust. And it says specifically, and I believe I've cited to this in my brief, that the trust and the trustee cannot take any asset after the closing date or as according to Section 2 of the Pulling and Servicing Agreement, which specifically describes the conveyance of the corpus assets to the trust. Once again, this is a trust. It is not a contract. The borrower is not seeking to enforce anything. If there was not a legal conveyance, the trust would not be in contractual privity to assert rights that my client only granted to Northeast Mortgage. That is the argument, Your Honor. That's the argument that is never brought forth, that is well-founded, well-established trust law. It is also well-established contractual law. But yet every time this argument is advanced, the response is you're seeking to assert contractual rights that you're not a party to. The only contracted issue is the mortgage contract in which whoever seeks to enforce the power of sale must be in privity of contract with my client. My client also has the right of redemption under GLC 244.18, because when you give a mortgage, you transfer the title to the lender, so therefore you have the right to redeem. There has to be privity of contract for these folks to say that they are going to enforce that contractual right, and I don't have a response to that, and I don't mean that in a derogatory term, because, Justice Shurella, I don't bring these cases just to... No, Justice. I apologize, Judge Shurella. I apologize. I'm putting a car before the horse. But I'm trying to develop this for what it is, because these arguments aren't made in this respect. So I'm not begging, but I'm respectfully requesting that you fully consider what I'm arguing. It's not enforcing something that I'm not a party to. It's clearly my client's contract. It's a transfer of an account receivable. So the point is, if you're not in privity of contract as a trust, if it's not a legally held corpus asset, and that's what gets back to the terms of the trust, if this was not conveyed legally, even if they were in purported possession of it, they would not have the legal right to enforce those terms. And that is really the essence of the argument. And what I was going to say, Judge Shurella, is I don't bring these cases to impinge on the court or to make money, clearly, because my fiancé would really wish that I would, because she just doesn't understand why I put this much work into something where I'm not getting paid. But it's really something, you read the decisions consistently, and it would appear to be a well-founded argument, but it's never, ever accepted. And I understand that it would appear that someone is getting something for nothing. But the opposite side of that is, unless you've perfected your security interests, unless you can show you own something, you do not have the right to enforce something that you do not have a legal right to enforce. So with that, I don't know if you folks have any questions or... Yeah, I'd like to go back to Alice in Wonderland and begin at the beginning. I may have misunderstood what you said when you first stood up. Are you telling us that there is no foreclosure in process or threatened at this point? That is correct, Judge Howard. There was no foreclosure for quite some time. But there isn't one threatened? There's been some sort of a work out? With a non-party, and I just found that out two days ago. And I've been trying to contact my client, and I have not. My sister did offer to give me a copy, but I did not take it. Thank you. Ms. Benson, good morning. Good morning, Your Honors. My name is Courtney Benson, and I represent the defendants here. Regarding the loan modification, we found out about this on Friday as well from the current servicer, which is Select Portfolio Servicing. The loan has been permanently modified under the Federal Home Affordable Modification Program, HAMP. Ms. Mott's entire lawsuit was filed to impede HSBC from foreclosing. The loan is... Let me ask you something. I'm sure we're going to get what happened in writing and in detail, but can you advance to me whether this makes this appeal moot? I believe it does, Your Honor. The entire lawsuit was filed to impede HSBC as trustee from foreclosing. The lawsuit's current. There are no foreclosure proceedings. If in the future Ms. Mott defaults on the modification agreement, and if HSBC as trustee initiates foreclosure proceedings, and if a claim should ripen at that time, Ms. Mott could file a lawsuit. Dismissal of her claims here does not impede her from doing so. Most recently under Jepson, the First Circuit affirmed dismissal of a case in which the borrower filed a lawsuit essentially to require the mortgagee to obtain judicial approval prior to foreclosing. The court held that doing so was essentially requiring the mortgagee to initiate judicial foreclosure proceedings in a non-judicial foreclosure state. This was affirmed by the First Circuit. This is exactly what Ms. Mott's attempting to do here, and her efforts should be denied. With respect to Magistrate Judge Colling's opinion, it was thorough. It was reasoned. It was legally accurate. HSBC established on summary judgment that it held the assignment of her mortgage. This was through an assignment from the loans lender, which was Northeast, to New Century, and then subsequently from New Century to HSBC as trustee. All these assignments were executed, notarized, recorded. Ms. Mott does not challenge this. Instead, she challenges aspects of New Century's bankruptcy proceedings, Chapter 11 bankruptcy proceedings, as well as seeking to enforce the trust's loan documents. It's well established by the First Circuit, including most recently in Butler v. HSBC, that a borrower does not have standing to enforce the trust documents, namely the pooling and servicing agreement in this case. And regarding New Century's bankruptcy, New Century was in bankruptcy at the time of the November 6, 2007 assignment from New Century to HSBC. This doesn't invalidate the assignment. This was Chapter 11 bankruptcy, which permits a debtor to continue business as usual. New Century's business was the servicing and lending of mortgage loans. It was doing just that. New Century and Countrywide had filed a stipulation which was approved by the bankruptcy court. The stipulation was approved on August 8, 2007, prior to the assignment. It's arguable whether this stipulation was even necessary given the fact that it was a Chapter 11 bankruptcy. But the stipulation permitted Countrywide to execute assignments on New Century loans. Didn't the magistrate decision that you said was done well conclude that New Century could not transfer the note in November 2007? It was the transfer of the assignment, excuse me, the assignment of the mortgage in 2007. And I know Ms. Matt raises issue with the transfer of the note because the mortgage assignment purports to transfer the note with it. We don't argue that. That's never been our position. We think the mortgage assignment oversteps what it's actually able to do. Instead, we rely on the actual endorsements on the note itself to establish the note was transferred to HSBC as trustee. So it's our position that happened prior to this mortgage assignment. In addition, the defendants had established on summary judgment that the loan was properly conveyed into the trust. This was established by the fact that the pooling and servicing agreement, which Ms. Matt is not permitted to enforce regardless due to the Butler decision, the pooling and servicing agreement required loans to be transferred by September 27, 2007. The defendants established this by way of an affidavit by Timothy Crowley, who was an officer of Structured Products, which was the mortgage loan seller. Mr. Crowley was also an officer of Deutsche Bank, which was the mortgage loan issuer. This affidavit established conclusively that the loan was transferred by September 27, 2007. Also identifying this fact was the fact that the mortgage loan schedule identified Ms. Matt's loan by her name, by her property address, and by terms of the note. This is sufficient under Banyas to establish the loan was transferred to HSBC as trustee. Regarding her unjust enrichment and civil conspiracy claims, these are based, her appeal of these claims are based on her previous allegation that HSBC as trustee is not the mortgagee. Because HSBC as trustee and the defendants have established otherwise, the judgment in favor of the defendants should be affirmed on these counts as well. As part of this stipulation, maybe you should also file a motion to dismiss for mootness. Okay. If your honors do not have any more questions, I will rest on that. Thank you. Thank you.